STATE OF NORTH CAROLINA

COUNTY OF DURHAM

**FILED**

2020 AUG 14 P 3:31

DURHAM CO., C.S.C.

BY_____ ℰ꜀

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
CASE NO._____

SHARNICE MCCORD,

Plaintiff,

v.

PRG REAL ESTATE MANAGEMENT,
INC. and NEW PARK RIDGE
ASSOCIATES, LLC,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT**

**(Class Action)**

Plaintiff Sharnice McCord (hereinafter "Plaintiff"), on behalf of herself and the proposed Classes, filing this Complaint against Defendants PRG Real Estate Management, Inc. and New Park Ridge Associates d/b/a Park Ridge Estates Apartments (hereinafter collectively "Defendants") and states:

## NATURE OF THE ACTION

1.     This is an action brought pursuant to Rule 23 of the North Carolina Rules of Civil Procedure by Plaintiff and others similarly situated due to unlawful and unfair debt collection practices engaged in by Defendants in their attempts to collect upon complaint-filing fees, sheriff service fees, and attorneys' fees (collectively the "Eviction Fees") in violation of the Residential Rental Agreements Act, N.C.G.S. § 42-38 *et seq.*, the North Carolina Debt Collection Act, N.C.G.S. § 75-50 *et seq.*, the North Carolina common law of contracts, and the Uniform Declaratory Judgment Act, N.C.G.S. § 1-253, *et seq.*

## BACKGROUND OF LITIGATION

2.     During the Relevant Time Period[1], landlords across North Carolina charged tenants with hundreds of dollars in illegal eviction-related fees simply for filing an eviction complaint. These same tenants were already struggling with paying rent and other charges.

3.     Specifically, for being approximately 10-days late with rent, landlords charged and demanded their tenants pay a lawful 5% late fee pursuant to N.C.G.S. § 42-46(a), a lawful 5% "Complaint-Filing Fee" pursuant to N.C.G.S. § 42-46(e), an unlawful $96.00 filing fee for the filing of the eviction complaint (the "Filing Fee"), an unlawful $30.00 *per tenant* sheriff

---

[1] "Relevant Time Period" shall mean the four years preceding the filing of this Complaint through June 25, 2018.

service for serving the eviction complaint (the "Service Fee"), an <u>unlawful</u> attorneys' fee for prosecuting the eviction (a flat-fee ranging between $60.00 and $75.00).[2]

4.    The unlawful Filing Fee, Service Fee, and Attorneys' Fee are referred to as "Eviction Fees."

5.    N.C.G.S. § 42-46(h) (2009) "[i]t is contrary to public policy for a landlord to put in a lease or claim any fee for filing a complaint for summary ejectment and/or money owed other than the ones expressly authorized by subsections (e) through (g) of this section, and a reasonable attorney's fee as allowed by law."

6.    On March 23, 2018, the Honorable A. Graham Shirley, Wake County Superior Court Judge, held that the claiming of Eviction Fees by a landlord violated N.C.G.S. § 42-46 and the North Carolina Debt Collection Act, N.C.G.S. § 75-54 (the "NCDCDA"). **See Exhibit 1.**

7.    After the ruling by the Honorable A. Graham Shirley, landlords petitioned and successfully altered the law. On June 25, 2018, S.L. 2018-50, entitled "An Act to Allow Landlords to Recover Out-of-Pocket Expenses in Summary Ejectment Cases" was enacted to amend N.C.G.S. § 42-46 ("the 2018 Amendment"). **See Exhibit 2.**

8.    The 2018 Amendment confirms that Defendants were not previously allowed to automatically charge tenants the Eviction Fees. Numerous courts, including North Carolina state courts, a federal district court, and the Fourth Circuit have all found the 2018 Amendment to be prospective in application, not retroactive, and that landlords like Defendants unlawfully charged Eviction Fees prior to the 2018 Amendment. *See e.g., Jorge Suarez v. Camden Property Trust, et al.,* No. 19-1367 (COA 4th Circuit June 19, 2020) (the 2018 Amendment should only be applied prospectively because it "substantively altered the rights of landlords and tenants."); *Wallace v. Greystar Real Estate Partners, LLC et al.,* 1:18-cv-501 (M.D.N.C. Sept. 11, 2019) (holding both that the 2018 Amendment was a substantive amendment that should not be applied retroactively and that Eviction Fees are illegal); *McMillan and Scott v. Blue Ridge Property Management, LLC et al.,* Case No. 18-cvs-4991 (N.C. Super. Ct., Cumberland County); *Brogden v. Kenney Properties, Inc., et al.,* Case No. 18-cvs-10880 (N.C. Super. Ct., Wake County); and *Johnson v. Hawthorne Residential Partners LLC et al.,* Case No. 18-cvs-9120 (N.C. Super. Ct., Wake County). The McMillan, Brogden, and Johnson Orders are attached hereto as **Exhibits 3-5.**

## JURISIDICTION AND VENUE

9.    The foregoing allegations are incorporated by reference and realleged herein.

10.    This Court has jurisdiction over the parties and this action pursuant to N.C.G.S. § 42-44, N.C.G.S. § 25-1-305, N.C.G.S. §§ 75-16 and 56, N.C.G.S. § 1-75.4 and N.C.G.S. § 1-253.

---

[2] For being 10 days late, a tenant with a $1,000 monthly rental payment would owe approximately $301 in fees, consisting of a $50 late fee, a $50 "Complaint-Filing Fee", and $201 in illegal Eviction Fees.

Case 1:20-cv-00854-CCE-JLW   Document 7   Filed 09/18/20   Page 2 of 36

11.     Venue is proper under N.C.G.S. § 1-79 in that Defendants maintain a place of business in Durham County, North Carolina, and have regularly engaged in business in Durham County, North Carolina.

## **PARTIES**

12.     The foregoing allegations are incorporated by reference and realleged herein.

13.     During the Relevant Time Period, Plaintiff was a citizen and resident of Durham County, North Carolina who leased an apartment from Defendants at the Savannah Place apartment community.

14.     Plaintiff is a "tenant" subject to the protections of N.C.G.S. § 42-46 and a "consumer" as defined by N.C.G.S. § 75-50.

15.     Defendant PRG Real Estate Management, Inc. is, upon information and belief, a private company incorporated under the laws of the state of Pennsylvania, maintains a place of business in Durham County, North Carolina, and has regularly engaged in business in Durham County, North Carolina.

16.     Defendant New Park Ridge Associates, LLC is, upon information and belief, a limited partnership organized and existing under the laws of the state of Delaware that maintains a place of business in Durham County, North Carolina and has regularly engaged in business in Durham County, North Carolina. Defendant New Park Ridge Associates, LLC is also known to the public and goes by Park Ridge Estates Apartments.

17.     Upon information and belief, Defendants are so closely related in ownership and management, and that each works closely in concert with the other, such that each has become the *alter ego* of the other. Upon information and belief, Defendants (a) own each other's assets, equities, and debts, (b) employs each other's persons or entities to operate the residential apartments in North Carolina, and (c) are engaged in whole or in party in the management of one another with respect to the operation of residential apartments in North Carolina within the scope of their authority.

18.     With respect to all actions and decisions to this action, Defendants have operated as a single entity. Defendants have no separate mind, will, or existence of their own apart from one another such that they are completely dominated by one another.

19.     The complete control of Defendants over one another was used to perpetuate the statutory or other legal duties and unjust acts in contravention to Plaintiff's and each member of the proposed Classes' legal rights that proximately caused injury and unjust loss described herein.

20.     Defendants are each "landlords" as defined by N.C.G.S. §42-40(3).

21.     At all times relevant to this action, Defendants, in the ordinary course of

3

business as the lessors of residential real property, engaged in acts or practices affecting commerce within the meaning of N.C.G.S. § 75-1.1.

22.    Defendants are each "debt collectors" as defined by N.C.G.S. § 75-50.

## GENERAL BACKGROUND

23.    The foregoing allegations are incorporated by reference and realleged herein.

24.    Upon information and belief, during the Relevant Time Period Defendants entered into lease agreements with all North Carolina tenants that states that in the event Defendants filed a summary ejectment lawsuit against Plaintiff, Plaintiff each member of the proposed Classes are entitled to recover a Complaint Filing Fee, a Court Appearance Fee, and a Second Trial Fee as described in N.C.G.S. § 42-46 (e) through (g).

25.    Upon information and belief, Defendants' lease agreement also said Defendants are also entitled to Eviction Fees that are separate and apart from the Complaint Filing Fee, Court Appearance Fee, and Second Trial Fee authorized by N.C.G.S. § 42-46(e)-(g).

26.    Upon information and belief, when a tenant maintains a balance on their account ledger after the 6th day of any given month, Defendants cause written correspondence to be delivered to the tenant stating that if a tenant does not pay by or around the 10th of the month, an eviction complaint will be filed and tenants will be charged Eviction Fees (hereinafter the "Collection Letter").

27.    Upon information and belief, the use of the Collection Letters was mandatory throughout Defendants' properties during the Relevant Time Period.

28.    When a tenant fails to make a full and complete rental payment or maintains a balance on their account ledger in excess of $0.00 on or around the 10th day of any given month, Defendants utilize the Nationwide Eviction Software system to start the eviction process. Nationwide Eviction acts as a portal between Defendants and Defendants' eviction lawyers.

29.    Defendants eviction lawyers only seeking possession of the apartment premises and not any money owed. Defendants' eviction lawyers charge a flat fee per eviction.

30.    After initiating the process in Nationwide Eviction, Defendants required all tenants to pay all Eviction Fees, even if: (a) the complaint in summary ejectment had not yet even been filed; (b) the complaint in summary ejectment is dismissed; or (c) a North Carolina Magistrate Judge orders the Eviction Fees to be assessed against Defendants.

31.    The assessment and collection of Eviction Fees was mandatory throughout Defendants' North Carolina properties during the Relevant Time Period.

32.    Eviction Fees are additional fees separate and apart from the ones expressly authorized by N.C.G.S. § 42-46 (2009).

4

33.     Throughout the Relevant Time Period, the Filing Fees were $96.00, the Service Fees were $30.00, and the flat-fee Attorneys Fees ranged between $60.00 and $75.00.

34.     Immediately before filing a legal action to evict a tenant, or shortly thereafter, Defendants post to the tenant's account ledger all Eviction Fees as immediately due and owing.

35.     All the Eviction Fees are posted to a tenant's account ledger are separate from the late fees and the fees specifically authorized by N.C.G.S. § 42-46(e)-(g), including the Complaint Filing Fee.

36.     Eviction Fees are entered into a tenant's account ledger prior to a North Carolina court awarding such amounts to Defendants, and sometimes before a complaint in summary ejectment is even filed.

37.     At the time the Eviction Fees are entered into the account ledger as immediately due and owing, there is no guarantee that Defendants will ever be awarded such fees by a North Carolina court.

38.     Entering the Eviction Fees on a tenant's account ledger as immediately due and owing is mandatory throughout Defendants' North Carolina properties; individual managers, employees, associates, or other agents of Defendants have no discretion as to the implementation of the Collection Policy.

39.     After causing the Eviction Fees to be assessed against the tenant's account ledger, and with no guarantee such amounts will ever be awarded by a North Carolina court, Defendants immediately begin attempting to collect upon the balance contained on the account ledger pursuant to its Collection Policy.

40.     After the Eviction Fees are entered onto an individual's account ledger, there are no occasions in which Defendants will review and reconsider whether such Eviction Fees were improperly assessed and there are no occasions in which Defendants will remove such Eviction Fees from an individual tenant's account ledger.

### PLAINTIFF'S FACTS

41.     Plaintiff entered into a lease contract with Defendants for an apartment at Park Ridge Estates Apartments in Durham County, North Carolina during the Relevant Time Period.

42.     Each time Plaintiff was late, she was charged a late fee pursuant to N.C.G.S. § 42-46(a).

43.     Upon information and belief, when Plaintiff was late, she received Collection Letters that claimed an eviction complaint would be filed and Eviction Fees will be immediately owed if all amounts remained unpaid after or around the 10th of the month.

44.     Upon information and belief, all other tenants of Defendants in North Carolina

5

received Collection Letters substantially identical to the one received by Plaintiff.

45.     Defendants placed the Eviction Fees on Plaintiff's ledger once Defendants initiated the process for starting an eviction through Nationwide Eviction.

46.     Upon information and belief, each time Eviction Fees were placed on Plaintiff's ledger, Defendants had not paid the $96 filing fee for filing the complaint in summary ejectment nor had they paid the $30 service fee.

47.     Each time the Eviction Fees were placed on Plaintiff's ledger, no hearing had been held and no attorney had appeared in Court to evict Plaintiff and/or seek the award of Eviction Fees.

48.     At the time the Eviction Fees were placed on Plaintiff's ledger, no attorney had been hired by Defendants to collect any debt.

49.     At the time the Eviction Fees were placed on Plaintiff's ledger, Defendants had not served Plaintiff with the complaint in summary ejectment.

50.     Defendants filed Complaints in Summary Ejectment after the Eviction Fees were placed on tenant ledgers.

51.     Upon information and belief, each time Defendants filed a Complaint in Summary Ejectment, Defendants wrote that they "hereby omit[] any claim for rents or damages and is seeking possession of the premises only. [Defendants] reserve[] the right to seek any monetary damages in a separate civil action."

52.     Plaintiff and other similarly situated tenants paid the Eviction Fees when they were not owed.

53.     Upon information and belief, it was only after Plaintiff paid the Eviction Fees that Defendants filed a notice of voluntary dismissal without prejudice.

54.     Upon information and belief, Defendants only filed notices of voluntary dismissals without prejudice. By filing notices of voluntary dismissals without prejudice, Defendants were not the prevailing party.

55.     Upon information and belief, no court awarded Defendants with Eviction Fees against Plaintiff in any summary ejectment case or thereafter.

56.     At no point did Plaintiff enter into a settlement agreement with Defendants regarding the Eviction Fees during her tenancy with Defendants.

6

## COMMON CLASS ALLEGATIONS

57. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

58. Pursuant to Rule 23 of the North Carolina Rules of Civil Procedure, Plaintiff brings this action individually and on behalf of the two proposed Classes:

**The Collection Letter Class (represented by Plaintiff):**

> All tenants of Defendants' Apartments in North Carolina who (a) at any point within the four (4) year period preceding the filing of Plaintiff's Complaint through June 25, 2018 (b) resided in one of the apartments owned or managed by Defendants in North Carolina (c) were sent a Collection Letter that (d) threatened to charge Eviction Fees, (e) or claimed that Eviction Fees are owed.

**The Eviction Fee Class (represented by Plaintiff):**

> All tenants of Defendants' Apartments in North Carolina who (a) at any point within the four (4) year period preceding the filing of Plaintiff's Complaint through June 25, 2018 (b) resided in one of the apartments owned or managed by Defendants in North Carolina (c) were charged and (d) actually paid Eviction Fees prior to a North Carolina court awarding such Eviction Fees to Defendants.

59. Excluded from the proposed Classes are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Defendants and any entity in which Defendants has a controlling interest in Defendants and its legal representatives, assigns and successors; and (c) all persons and entities who properly execute and file a timely request for exclusion from the proposed Classes.

60. *Commonality*: All questions concerning Defendants' Collection Policy and Defendants' sending Collection Letters are common. Whether Defendants may lawfully charge Eviction Fees separate from and in addition to what was authorized by N.C.G.S. § 42-46 is a question that is common for all members of the proposed Classes. Each and every member of the proposed Classes is subject to Defendants' policies and procedures. Further, the answer to this question will drive other answers in the litigation, including whether the Collection Letters and the Eviction Fees are unlawful and whether any portion of Defendants' lease is void and unenforceable.

61. *Predominance:* Common questions of law and fact predominate over any individual issues that may be presented, because Defendants have a pattern, practice and policy of charging tenants Eviction Fees on or around the 10th day of the month as described herein. These questions include, but are not limited to:

7

a. Whether Defendants' pattern, practice, and policy of collecting and/or attempting to collect debt violated N.C.G.S. §§ 42-46 and 75-50 *et seq.* in that Defendants represented that a specific amount of debt may be increased by Eviction Fees prior to the award of such amounts by a North Carolina court;

b. Whether Defendants' pattern, practice, and policy of utilizing the Collection Letters violated N.C.G.S. §§ 42-46 and 75-50 *et seq.* by falsely representing Defendants ability to collect Eviction Fees;

c. Whether Defendants' pattern, practice, and policy of collecting and/or attempting to collect Eviction Fees was illegal under N.C.G.S. §§ 42-46 and 75-50 *et seq.*;

d. Whether Defendants' pattern, practice, and policy of collecting and/or attempting to collect Eviction Fees violated N.C.G.S. § 75-1.1 *et seq.*;

e. Whether Defendants' pattern, practice, and policy of collecting and/or attempting to collect debt violated N.C.G.S. § 75-1.1 *et seq.* in that Defendants refused to refund Eviction Fees after a Court taxed the cost of the action against Defendants.

f. Whether Defendants' pattern, practice, and policy of collecting and/or attempting to collect Attorneys' Fees was in violation of N.C.G.S. §§ 6-21.2, 42-46, and 75-50 *et seq.* in that Defendants' attorneys were not collecting upon any debt;

g. Whether Defendants' pattern, practice, and policy of collecting and/or attempting to collect Eviction Fees constituted a violation of N.C.G.S. § 75-1.1 *et seq.* in that Defendants unlawfully claimed Attorneys' Fees were due and owing despite the absence of any statutory authority granting such fees.

h. Whether any portion of Defendants' lease was void and unenforceable because it contains a fee for filing a complaint for summary ejectment and/or money owed other than the fees expressly authorized by N.C.G.S. § 42-46 (e) through (g).

62. *Numerosity*: The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are readily identifiable through the business records maintained by Defendants, and may be notified of the pendency of this action by published and/or mailed notice. Members of the proposed Classes include hundreds of present and former tenants of Defendants' Apartments who have been charged with Eviction Fees in violation of the law.

63. *Typicality*: Plaintiff's claims are typical of the claims of the proposed Classes and all are based on the same facts and legal theories, as all such claims arise out of Defendants'

8

conduct in that Defendants have a specific policy of attempting to unlawfully collect debt from each member of the proposed Classes Eviction Fees following the expiration of the 10th day of the month.

64. *Adequate Representation*: Plaintiff is an adequate representative of the proposed Classes in that Plaintiff does not have antagonistic or conflicting claims with other members of the class. Plaintiff has also retained counsel experienced in the prosecution of complex class actions and consumer litigation. Neither Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of the responsibilities to the putative class and has accepted such responsibilities.

65. *Superiority*: A class action is superior to all other available methods for fair and efficient adjudication of this controversy. Plaintiff anticipates no difficulty in managing and maintaining this action as a class action. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

66. Further, Defendants have acted and refused to act on grounds generally applicable to the proposed class, thereby making appropriate final injunctive and declaratory relief with respect to the proposed Classes as a whole.

## FIRST CAUSE OF ACTION:
Violation of the North Carolina Residential Rental Agreements Act
N.C.G.S. § 42-46 (2009)
(on behalf of all classes)

67. All paragraphs of this complaint are incorporated herein as if fully restated.

68. Defendants' conduct as described above is subject to N.C.G.S. § 42-46 (2009) of the Residential Rental Agreements Act.

69. N.C.G.S. § 42-46(e)-(h) (2009) specifically limits the amounts that can be charged to a tenant for eviction related fees. Any amounts charged in excess of this limitation is against North Carolina's public policy and therefore void and unenforceable.

70. The Eviction Fees charged by Defendants to Plaintiff and members of the proposed Classes were separate from and in excess of the amount previously allowed under N.C.G.S. § 42-46 and constitute a violation of North Carolina law.

71. The amount of Eviction Fees charged by Defendants to Plaintiff and other members of the proposed Classes are in excess of the amounts previously allowed under N.C.G.S. § 42-46.

72. As a proximate result of Defendants' conduct, Plaintiff and all members of the proposed Classes were damaged and are entitled to recover all amounts of Eviction Fees paid to

9

Defendants in violation of N.C.G.S. § 42-46. This amount is in excess of $25,000..

## SECOND CAUSE OF ACTION
Violation of North Carolina Debt Collection Act
N.C.G.S. § 75-50, *et seq.*
(on behalf of all classes)

73. All paragraphs of this complaint are incorporated herein as if fully restated.

74. Plaintiff and each member of the proposed Classes is a "consumer," as that term is defined by N.C.G.S. § 75-50.

75. The amount purportedly owed to Defendants by Plaintiff and each member of the proposed Classes is a "debt," as that term is defined by N.C.G.S. § 75-50.

76. At all times relevant to this action, Defendants, in the ordinary course of business as lessors of residential rental property, engaged in acts or practices affecting commerce within the meaning of N.C.G.S. § 75-1.1.

77. Defendants, in seeking to recover past due rent, fees, and other charges, are "debt collectors" as defined by the North Carolina Debt Collection Act ("NCDCA"), N.C.G.S. § 75-50.

78. Defendants' actions described above constitute the collection of a "debt" under N.C.G.S. § 75-50.

79. Defendants are subject to the requirements of N.C.G.S. § 75-50 *et seq.*, that prohibits certain activities by debt collectors.

80. Defendants violated N.C.G.S. § 75-50 *et seq.* by threatening to take, and taking, actions it could not lawfully take.

81. Defendants violated N.C.G.S. § 75-50 *et seq.* by collecting and threatening to collect Eviction Fees.

82. The Collection Letter violated N.C.G.S. § 75-50 *et seq.* by threatening to take actions it could not lawfully take.

83. Defendants violated N.C.G.S. § 75-51 by collecting or attempting to collect debt by means of unfair threats, coercions, or attempts to coerce, including by collecting or attempting to collect debt by threatening to take action not permitted by law.

84. Defendants violated N.C.G.S. § 75-51(8) by threatening to take and taking actions not permitted by law, including, *inter alia*, threatening to assess and collect Eviction Fees without a legal justification.

10

85. Defendants violated N.C.G.S. § 75-54 by collecting or attempting to collect a debt by means of fraudulent, deceptive, and/or misleading representations, including, *inter alia*, threatening to assess and collect Eviction Fees without a legal justification.

86. Defendants' communications to Plaintiff and members of the proposed Classes constituted "communications attempting to collect a debt" subject to the disclosure requirement of N.C.G.S. § 75-54(2).

87. Defendants' violated N.C.G.S. § 75-55 by collecting or attempting to collect debt by using unconscionable means.

88. A violation of N.C.G.S § 42-46 constitutes an unfair debt collection attempt under N.C.G.S.§ 75-50 *et seq.*

89. Defendants collected or attempted to collect from Plaintiff and members of the proposed Classes a charge, fee or expense incidental to the principal debt of the monthly rent owed, that was legally prohibited under N.C.G.S. 42-46, in violation of N.C.G.S. § 75-51(8), N.C.G.S. § 75-54, and N.C.G.S. §75-55 (2).

90. Defendants actions in violation of North Carolina's Unfair Debt Collection Act were willful.

91. Plaintiff and each member of the proposed Classes were injured by Defendants' actions and are entitled to damages to be established at trial as well as statutory damages per violation in an amount ranging from $500.00 to $4,000.00 per violation resulting from each of Defendants' unfair debt collection practices pursuant to N.C.G.S. § 75-56.

92. Plaintiff and each member of the proposed Classes were injured and sustained damages by Defendants' actions and are entitled to actual damages to be established at trial as well as statutory damages for each violation in the maximum amount allowed by law, as well as reasonable attorneys' fees for an amount in excess of $25,000.00.

## THIRD CAUSE OF ACTION
Negligence
(on behalf of all classes)

93. All paragraphs of this complaint are incorporated herein as if fully restated.

94. At all times relevant herein, Defendants had the duty to exercise reasonable care in in its work as Plaintiff's and the Class members' landlord, including in sending out correspondence, charging and collecting fees, making representations about amounts owed, and performing other responsibilities in connection with Plaintiff's and the Class members' tenancy.

95. Defendants failed to exercise reasonable care in the matters alleged herein, including in its debt collection activities.

11

96. As a direct and proximate result of the negligent act and omissions of Defendants, Plaintiff and each member of the proposed Classes have suffered damages, including but not limited to paying amounts of money that were not owed but were in fact expressly prohibited by the RRAA.

97. Further, violations of the RRAA constitute *negligence per se*.

98. Plaintiff and each member of the proposed Classes were injured and sustained damages by Defendants' actions and are entitled to actual damages to be established at trial as well as statutory damages for each violation in the maximum amount allowed by law, as well as reasonable attorneys' fees for an amount in excess of $25,000.00.

## FOURTH CAUSE OF ACTION
### Negligent Misrepresentation
(on behalf of all classes)

99. All paragraphs of this complaint are incorporated herein as if fully restated.

100. In communications with class members, Defendants made representations to Plaintiff and each member of the proposed Classes as set forth in the Complaint.

101. Those representations were false.

102. Defendants misrepresented that it could automatically charge and collect Eviction Fees as a matter of course and represented that Eviction Fees were lawfully due and owing.

103. When Defendants made these representations in communications, and on their tenants' account ledgers, Defendants knew or should have known it was untrue, or displayed a reckless indifference and disregard for the truth or falsity thereof.

104. Defendants intended to induce the Plaintiff and each member of the proposed Classes into relying upon these misrepresentations by paying rent and other fees under threat of Eviction Fees or by paying Eviction Fees when they were not owed.

105. Defendants were aware that Plaintiff and each member of the proposed Classes were relying upon these misrepresentations by paying the amounts claimed to be due and owing.

106. In reliance upon the misrepresentations, Plaintiff and each member of the proposed Classes have been damaged as set forth herein.

107. As a direct and proximate result of the negligent act and omissions of Defendants, Plaintiff and each member of the proposed Classes have suffered damages, including but not limited to paying amounts of money that were not owed but were in fact expressly prohibited by the RRAA.

12

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and each member of the proposed Classes respectfully request that this Court:

1. Assume jurisdiction over this action;

2. Certify the Proposed Classes and appoint Plaintiff and their counsel to represent the proposed Classes;

3. Issue a declaratory judgment that Defendants' actions as set forth herein violated the rights of Plaintiff and the members of the proposed Classes pursuant to N.C.G.S. § 75-54, or in the alternative N.C.G.S. § 75-1.1;

4. Issue a declaratory judgment that Defendants' actions as set forth herein violated the rights of Plaintiff and each member of the Proposed Class pursuant to N.C.G.S. § 75-50 *et seq.*, or in the alternative N.C.G.S. § 75-1.1;

5. Issue a declaratory judgment that Defendants' actions as set forth herein violated the rights of Plaintiff and the members of the proposed Classes pursuant to N.C.G.S. § 75-55, or in the alternative N.C.G.S. § 75-1.1;

6. Issue a declaratory judgment that Defendants' Standard Lease and any substantially similar residential lease agreement used by Defendants is contrary to N.C.G.S. § 42-46 and therefore void and unenforceable as against public policy;

7. Issue a declaratory judgment that N.C.G.S. § 42-33 is inapplicable in every instance in which Defendants entered into a written lease agreement that addresses forfeiture of the lease term upon the tenant's nonpayment of rent with Plaintiff and the members of the proposed Classes;

8. Enjoin Defendants from ever collecting or attempting to collect any payment of Attorneys' Fees from members of the proposed Classes when their attorneys' are hired to pursue an eviction for possession only;

9. Award Plaintiff and the members of the proposed Classes compensatory damages in an amount to be determined at trial;

10. Award Plaintiff and the members of the proposed Classes punitive damages amount to be determined at trial;

11. Award Plaintiff and the members of the proposed Classes a statutory penalty in the amount of no more than $4,000 for each violation of N.C.G.S. § 75-50 *et seq.*;

12. Award Plaintiff and each member of the proposed Classes all statutory and actual damages to which they are entitled in an amount in excess of $25,000.00;

13

13. Treble all damages resulting from a violation of N.C.G.S. § 42-46 in accordance with N.C.G.S. § 75-1.1;

14. Award attorneys' fees to Plaintiff and the members of the proposed Classes pursuant to N.C.G.S. § 75-16.1;

15. Tax the costs of this action to Defendants, or any of them;

16. Allow a trial by jury on all issues so triable; and

17. Grant Plaintiff and the members of the proposed Classes such other and further relief as the Court deems just and proper.

[ SIGNATURE ON THE FOLLOWING PAGE ]

14

Respectfully submitted on this ___ day of August, 2020.

SCOTT C. HARRIS
N.C. Bar No.: 35328
PATRICK M. WALLACE
N.C Bar No.: 48138
**WHITFIELD BRYSON LLP**
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-500
Facsimile: (919) 600-5035
scott@whitfieldbryson.com
pat@whitfieldbryson.com

EDWARD H. MAGINNIS
N.C. State Bar No. 39317
KARL S. GWALTNEY
N.C. State Bar No. 45118
**MAGINNIS LAW, PLLC**
4801 Glenwood Avenue, Suite 310
Raleigh, North Carolina 27612
Telephone: 919.526.0450
Fax: 919.882.8763
emaginnis@maginnislaw.com
kgwaltney@maginnislaw.com

*Attorneys for Plaintiff and the*
*proposed Classes*

15

# EXHIBIT 1

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
CASE NO. 17-CVS-7995

JORDON HARGROVE,

      Plaintiff,

      v.

GRUBB MANAGEMENT, INC.;
GRUBB FUND MANAGEMENT, LLC;
GRUBB RESIDENTIAL
DEVELOPMENT FUND III, LLC; and
GLENWOOD RALEIGH
APARTMENTS, LLC d/b/a STERLING
GLENWOOD APARTMENTS,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Order**

This matter, coming on to be heard and being heard during the March 20, 2018 civil session of Wake County Superior Court by the Honorable Judge A. Graham Shirley, II, sitting as a specially-designated judge pursuant to North Carolina General Rule of Practice 2.1, on Plaintiff Jordan Hargrove's Motion for Partial Judgment on the Pleadings against Defendant Glenwood Raleigh Apartments, LLC d/b/a Sterling Glenwood Apartments ("Plaintiff's Motion") and on Defendants' Grubb Management, Inc., Grubb Fund Management, LLC, Grubb Residential Development Fund III, LLC, and Glenwood Raleigh Apartments, LLC d/b/a Sterling Glenwood Apartments's Motion for Judgment on the Pleadings ("Defendants' Motion").

Plaintiff was represented by Edward Maginnis of Maginnis Law, PLLC and Scott C. Harris of Whitfield, Bryson & Mason, LLP and Defendants were represented by Jonathan R. Reich of Womble Bond Dickinson (US), LLP.

After having reviewed the pleadings (and any attachments thereto), the Court's file, the motions submitted, and the briefs of the parties, and having taken into account the arguments of counsel, the Court finds that Plaintiff's Motion and Defendants' Motion present only a question of law. The Court finds that North Carolina General Statute §42-46(e), (f), (g) and (h) are unambiguous; the only fees that can be claimed by a landlord for filing a complaint for summary ejectment and/or money owed are set forth in §42-46.

By imposing and then collecting a fee of $191 from Mr. Hargrove for reimbursement of the filing fees, attorney fees, and other fees reflected in N.C.G.S. §7A-305(a), Sterling violated N.C.G.S. §42-46. The Court further finds that attorney's fees can only be charged (or subsequently

awarded) on a note or evidence of indebtedness when an attorney is employed to actually collect on the evidence of indebtedness. Sterling could not claim an attorney's fee under N.C.G.S. §6-21.2 because it only sought possession by summary ejectment, and did not seek to collect any sums for unpaid rent. The Court also concludes that by imposing, and then collecting $191 from Mr. Hargrove, Sterling violated N.C.G.S. §75-54.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion against Defendant Glenwood Raleigh Apartments, LLC d/b/a Sterling Glenwood Apartments is granted in its entirety. Plaintiff is entitled to partial judgment on the pleadings with regard to Sterling's liability under N.C.G.S. §42-46 and partial judgment on the pleadings on his claim under the North Carolina Debt Collection Act, N.C.G.S. §75-50 *et seq.* in that Sterling violated N.C.G.S. §75-54 on at least one occasion. Defendants' Motion is denied in its entirety.

This the 2 3 day of March, 2018.

THE HONORABLE A: GRAHAM SHIRLEY, II
PRESIDING SUPERIOR COURT JUDGE

# EXHIBIT 2

## GENERAL ASSEMBLY OF NORTH CAROLINA
### SESSION 2017

### SESSION LAW 2018-50
### SENATE BILL 224

## AN ACT TO ALLOW LANDLORDS TO RECOVER OUT-OF-POCKET EXPENSES IN SUMMARY EJECTMENT CASES.

The General Assembly of North Carolina enacts:

**SECTION 1.1.(a)** G.S. 42-46(h)(3) reads as rewritten:
"(3)  It is contrary to public policy for a landlord to put in a lease or claim any fee for filing a complaint for summary ejectment and/or money owed other than the ones expressly authorized by subsections (e) through (g) and (i) of this section, and a reasonable attorney's fee as allowed by law."

**SECTION 1.1.(b)** G.S. 42-46 is amended by adding two new subsections to read:
"(i)    Out-of-Pocket Expenses. – In addition to the late fees referenced in subsections (a) and (b) of this section and the administrative fees of a landlord referenced in subsections (e) through (g) of this section, a landlord is also permitted to charge and recover from a tenant the following actual out-of-pocket expenses:

    (1)    Filing fees charged by the court.

    (2)    Costs for service of process pursuant to G.S. 1A-1, Rule 4 of the North Carolina Rules of Civil Procedure and G.S. 42-29.

    (3)    Reasonable attorneys' fees actually incurred, pursuant to a written lease, not to exceed fifteen percent (15%) of the amount owed by the tenant, or fifteen percent (15%) of the monthly rent stated in the lease if the eviction is based on a default other than the nonpayment of rent.

(j)     The out-of-pocket expenses listed in subsection (i) of this section are allowed to be included by the landlord in the amount required to cure a default."



**SECTION 2.** This act is effective when it becomes law.

In the General Assembly read three times and ratified this the 14th day of June, 2018.

s/ Philip E. Berger
   President Pro Tempore of the Senate


s/ Tim Moore
   Speaker of the House of Representatives


This bill having been presented to the Governor for signature on the 14th day of June, 2018 and the Governor having failed to approve it within the time prescribed by law, the same is hereby declared to have become a law. This 25th day of June, 2018.

s/ Karen Jenkins
   Enrolling Clerk

Case 1:20-cv-00854-CCE-JLW     Document 7     Filed 09/18/20     Page 21 of 36

# EXHIBIT 3

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
|---|---|

STATE OF NORTH CAROLINA
COUNTY OF CUMBERLAND

ELIZABETH MCMILLAN and
TIFFANY SCOTT,

               Plaintiffs,

            v.

BLUE RIDGE PROPERTY
MANAGEMENT, LLC and
FAYETTEVILLE CROSS CREEK,
LLC d/b/a LEGACY AT CROSS
CREEK,

               Defendant.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
CASE NO. 18-CVS-4991

**ORDER**

This matter came before the Court for hearing on May 12, 2020 upon Plaintiffs Elizabeth McMillan and Tiffany Scott's ("Plaintiffs") Motion for Partial Summary Judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, Defendant's opposition thereto, and the supporting briefs of the parties.

Having considered the pleadings, the court file, materials submitted by the parties, and oral arguments presented by counsel, IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. Plaintiffs' Motion for Partial Summary Judgment is DENIED AS MOOT as to the liability of Fayetteville Cross Creek, LLC as a result of Plaintiffs' notice of voluntary dismissal without prejudice of all claims against Fayetteville Cross Creek, LLC, served on May 11, 2020.

2. There is no genuine issue as to any material fact regarding Defendant's liability to Tiffany Scott for the assessment and collection of Eviction Fees and Complaint-Filing

Fee in violation of the Residential Rental Agreement Act, N.C.G.S. § 42-46, and the North Carolina Debt Collection Act, N.C.G.S. §75-55(2); therefore, Plaintiffs' Motion for Partial Summary Judgment is GRANTED as to this issue.

3. Plaintiffs' Motion for Partial Summary Judgment is GRANTED IN PART as to Plaintiffs' claim that the Second Collection Letters sent to Plaintiffs by Defendant violated the North Carolina Debt Collection Act:

   a. There is no genuine issue as to any material fact regarding whether the use of the language "If legal action is necessary, any expenses we incur will be charged to your account" in Defendant's Second Collection Letter is a deceptive representation under N.C.G.S. § 75-54 (6); therefore, Plaintiffs' Motion is GRANTED as to this issue.

   b. Genuine issues of material fact remain as to whether Defendant's Second Collection Letter proximately caused actual injury to Plaintiffs; therefore, Plaintiffs' Motion is DENIED on the issue of proximate cause.

This the ___4th___ day of June, 2020.

_Rebecca W. Holt_

Rebecca Holt
Superior Court Judge Presiding

# EXHIBIT 4

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| COUNTY OF WAKE | SUPERIOR COURT DIVISION |
| | CASE NO. 18-CVS-10880 |
| | |
| ALISA BROGDEN, | |
| | |
| Plaintiff, | |
| | |
| v. | |
| | |
| KENNEY PROPERTIES, INC.; | |
| KENNEY HOLDINGS, LLC; | |
| KENNEY REALTY SERVICES, | **ORDER DENYING IN PART AND** |
| LLC; AND GRESHAM | **GRANTING IN PART DEFENDANTS'** |
| PARK, LLC d/b/a/ AUTUMN | **MOTION TO DISMISS** |
| POINTE APARTMENTS | |
| | |
| Defendants. | |

This matter is before the Court on Defendants Kenney Properties, Inc., Kenney Holdings, LLC; Kenney Realty Services, LLC; and Gresham Park, LLC d/b/a Autumn Pointe Apartments' Motion to Dismiss, filed on May 15, 2019 and before the Court for hearing on June 6, 2019.

## INTRODUCTION

On September 4, 2018, Plaintiff filed the complaint against Defendants alleging (1) violation of the Residential Rental Agreement Act, N.C.G.S. § 42-46, by requiring Plaintiff to pay Eviction Fees, (2) violation of the North Carolina Debt Collection Act, N.C.G.S. § 75-50, and (3) violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1. Plaintiff seeks a declaratory judgment pursuant to N.C.G.S. § 1-253, declaring Defendants' North Carolina leases to be void and unenforceable to the extent they provide for fees not authorized by N.C.G.S. § 42-46.

Defendants moved to dismiss Plaintiff's claims, arguing that Defendants were permitted to collect Eviction Fees pursuant to N.C.G.S. §42-46. Defendants contend that because § 42-46 authorized the collection of all fees charged by Defendants, Plaintiff's remaining claims must also fail.

A court does not make findings of fact on a motion to dismiss under N.C. R. Civ. P.12(b)(6). *Tuwamo v. Tuwamo*, 248 N.C. App. 441, 446, 790 S.E.2d 331, 336 (2016).

Plaintiff's complaint makes the following relevant allegations:

1. Plaintiff is a citizen and resident of Wake County, North Carolina and at all relevant times leased an apartment from Defendant at Autumn Pointe. (Compl. ¶8).

2. Defendants are organized under the laws of North Carolina and have regularly engaged in business in Wake County, North Carolina. (Compl. ¶¶11-14).

1

3. Defendants are the only property management companies engaged in the work and business of Autumn Pointe apartments. (Compl. ¶15).

4. At all relevant times, Defendants entered into lease agreements with North Carolina tenants which described a Complaint Filing Fee, Court Appearance Fee, and Second Trial Fee. Additionally, the leases provided that in the event an eviction action is filed, Defendants can collect "court costs, reasonable attorney's fees, and any other monetary damages or costs." (Compl. ¶¶23-25).

5. Plaintiff entered a lease agreement with Defendants for the period from February 15, 2015 through February 28, 2017. (Compl. ¶46).

6. Plaintiff's lease stated "In the event we file a summary ejectment action against you...you shall be liable...for the highest ONE of three fees: the Complaint Filing Fee, Court Appearance Fee, or Second Trial Fee." The lease also stated that the Complaint Filing Fee "shall be in addition to late fees, court costs, attorney's fees, and any other monetary damages or costs arising under the terms of this Agreement." (Compl. ¶48).

7. Plaintiff was late on her rent, and Eviction Fees were posted to Plaintiff's ledger on five occasions. The Eviction Fees were charged to Plaintiff before Defendant filed and served a complaint in summary ejectment. (Compl. ¶51).

8. Defendant had not hired an attorney to collect a debt when the Eviction Fees were placed on Plaintiff's ledger. (Compl. ¶54).

9. When Defendants did file a complaint in summary ejectment after the Eviction Fees were placed on Plaintiff's ledger, the actions were for premises only. (Compl. ¶58).

## CONCLUSIONS OF LAW

1. A motion to dismiss pursuant to N.C. R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint. In ruling on the motion the [factual] allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Estate of Vaughn v. Pike Elec.*, LLC, 230 N.C. App. 485, 493, 751 S.E.2d 227, 233 (2013) quoting *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979). It is not appropriate to grant a 12(b)(6) motion to dismiss "unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." *Strickland v. Hedrick*, 194 N.C. App. 1, 20, 669 S.E.2d 61, 73 (2008). To overcome a 12(b)(6) dismissal, it is sufficient that the nonmoving party "state enough to satisfy the substantive elements of at least some legally recognized claim." *Id.*

<u>Violation of N.C.G.S. § 42-46</u>

2. N.C.G.S. § 42-46 provides that, pursuant to a written lease, a landlord may charge a tenant a complaint filing fee, a court-appearance fee, and/or a second trial fee, provided the requirements delineated in the statute are met. N.C.G.S. §42-46 (e)-(g). Prior to the statute being amended on June 25, 2018, section (h)(3) limited the fees that a landlord was permitted to put in a lease:

2

(3) It is contrary to public policy for a landlord to put in a lease or claim any fee for filing a complaint for summary ejectment and/or money owed other than the ones expressly authorized by subsections (e) through (g) of this section, and a reasonable attorney's fee as allowed by law.

N.C.G.S. § 42-46 (2017).

3. By alleging that Defendants charged Plaintiff Eviction fees that are separate from the fees authorized by § 42-46 (e) – (g). Plaintiff has adequately pleaded a violation of § 42-46.

4. Plaintiff's position is that the 2018 Amendment to the Residential Rental Agreements Act ("RRAA"), which added a section allowing landlords to collect out-of-pocket expenses in summary ejectment actions, substantively altered the law and therefore applies prospectively. The amended act became law on June 25, 2018. Defendants contend that the amendment served to clarify the previous law, and therefore has retroactive application, such that Defendants were authorized to collect out of pocket expenses at the time such expenses were charged to Plaintiff.

5. This Court finds that the 2018 to the RRAA substantively altered the law, and therefore applies prospectively.

6. When a statute is amended, "it is presumed that the legislature intended either (a) to change the substance of the original act, or (b) to clarify the meaning of it." *Ray v. N.C. DOT*, 366 N.C. 1, 9, 727 S.E.2d 675, 681 (2012). An amendment is clarifying if it *does not* alter the substance of the law, but rather "gives further insight into the way in which the legislature intended the law to apply from its original enactment." *Id.*

7. When the substance of the original act is altered, the statute does not apply retroactively. For example, in *Wiggins v. East Carolina Health-Chowan. Inc.*, 234 N.C. App. 759, 760 S.E.2d 323 (2014), the North Carolina Court of Appeals noted that an amendment to N.C.G.S. § 90-21.12(b), which raised the burden of proof for certain medical negligence actions, applied to causes of action arising on or after the effective date because the amendment altered rather than clarified the law. *Wiggins v. E. Carolina Health-Chowan. Inc.*, 234 N.C. App. 759, 763 n.2, 760 S.E.2d 323, 326 (2014).

8. Further, where there is no ambiguity in the original statute, a subsequent amendment indicates an intent to alter the law, whereas ambiguity in the original statute may be interpreted as an intent "to clarify that which was previously doubtful." *Taylor v. Crisp*, 286 N.C. 488, 497, 212 S.E.2d 381, 387 (1975).

9. Here, the original language of N.C.G.S. § 42-46 was not ambiguous. The prior version of the statute established that it was against public policy for a landlord to claim "any fee" for the filing of a summary ejectment complaint or money owed other than that expressly permitted by the statute. The Court does not find the meaning of "any fee" to be ambiguous. "When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required." *In re Hall*, 238 N.C. App. 322, 324, 768 S.E.2d 39, 42 (2014). Sections (e) – (g) set forth the fees that were permitted to be claimed by a landlord in relation to filing a summary ejectment action, and under the plain language of the statute, Defendants were limited to charging only those fees permitted by the statute.

3

10. This Court also finds that the amendment made several substantive changes to the prior law. These changes provided rights to landlords which were not present under the former amendment. Under the newly added section (i), landlords may collect filing fees charged by the court, whether or not there is a court award to the landlord; landlords may collect the costs of service for the complaint, whether or not there is a court award to the landlord; and landlords may collect attorney's fees incurred without the requirement that the attorney provided services ancillary to the collection of a note, as required by §6-21.2. By authorizing the recovery of attorney's fees in section (i)(3), the amendment creates an entirely new statutory basis for attorney's fees.

11. The legislative history also indicates that the 2018 amendments altered, rather than clarified, the law. The preamble to the June 12, 2018, version of the House Bill included the language, "Whereas, the General Assembly desires to reaffirm the ability of a landlord filing summary ejectment proceedings to charge and recover from a tenant actual out-of-pocket expenses incurred by the landlord." However, the subsequent versions of the bill omit this language entirely. Further, the title of the amendment itself, "AN ACT TO ALLOW LANDLORDS TO RECOVER OUT-OF-POCKET EXPENSES IN SUMMARY EJECTMENT CASES," implies that prior to the amendment, the recovery of out of pocket expenses was not allowed in this context.

UDTPA and NCDCA Claims

12. "The elements for a claim for unfair and deceptive trade practices are (1) defendants committed an unfair or deceptive act or practice, (2) in or affecting commerce and (3) plaintiff was injured as a result." *Phelps-Dickson Builders, L.L.C. v. Amerimann Partners*, 172 N.C. App. 427, 439, 617 S.E.2d 664, 671 (2005) "Our Supreme Court has also determined that, as to these elements, 'some type of egregious or aggravating circumstances must be alleged and proved before the [Act's] provisions may [take effect].'" *Heron Bay Acquisition, LLC v. United Metal Finishing, Inc.*, 245 N.C. App. 378, 382, 781 S.E.2d 889, 892 (2016).

13. In order for a claim pursuant to the North Carolina Debt Collection Act ("NCDCA") to be successful, (1) the party alleging the claim must be a consumer, (2) the obligation must be a debt, and (3) the party against whom the claim is made must be a debt collector. *Davis Lake Cmty. Ass'n v. Feldmann*, 138 N.C. App. 292, 296, 530 S.E.2d 865, 868 (2000).

14. A debt collector that violates the provisions of the NCDCA is subject only to the penalties provided in the NCDCA – The NCDCA is the sole remedy for unfair or deceptive acts or practices involving debt collection. N.C.G.S. § 75-56(a); *Friday v. United Dominion Realty Tr.*, 155 N.C. App. 671, 678, 575 S.E.2d 532, 537 (2003). Because Plaintiff has no potential remedy under the Unfair and Deceptive Trade Practices Act ("UDTPA"), Plaintiff's cause of action under the UDTPA should be dismissed.

Declaratory Judgment

15. Pursuant to N.C.G.S. § 1-253, "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed."

4

16. The facts stated by Plaintiff are sufficient to support this cause of action because Plaintiff has claimed that Eviction Fees were unlawfully charged by Defendants prior to a complaint in summary ejectment being filed against Plaintiff. While these fees may now be lawfully assessed by landlords pursuant to the amended N.C.G.S. § 42-46 (i), Plaintiff has sufficiently pleaded facts in support of an Order declaring that any of Defendants' North Carolina leases entered into prior to the effective date of the 2018 Amendment and purporting to charge Eviction Fees in addition to the fees expressly provided in subsections (e) through (g) are void and unenforceable.

For the foregoing reasons, **IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:**

1. That Defendants' Motion to Dismiss is **GRANTED** with respect to Plaintiff's UDTPA claim; and therefore, Plaintiff's UDTPA claim is **DISMISSED**; and

2. That Defendants' Motion to Dismiss is **DENIED** with respect to Plaintiff's claims pursuant to N.C.G.S. § 42-46, § 1-253 and NCDCA.

This the _15th_ day of November, 2019.

_Rebecca W. Holt_
Rebecca Holt, Superior Court Judge Presiding

5

# EXHIBIT 5

STATE OF NORTH CAROLINA

COUNTY OF WAKE

KEOSHA JOHNSON,

          Plaintiff,

          v.

HAWTHORNE RESIDIENTIAL
PARTNERS LLC, HAWTHORNE
RESIDIENTIAL, INC.,
HAWTHORNE-MIDWAY
DUNHILL, LLC d/b/a
HAWTHORNE AT THE TRACE,

          Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
CASE NO. 18-CVS-9120

**ORDER DENYING IN PART AND
GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS**

      This matter is before the Court on Defendants Hawthorne Residential Partners LLC, Hawthorne Residential, Inc., Hawthorne-Midway Dunhill, LLC d/b/a Hawthorne at the Trace's Motion to Dismiss, filed on May 15, 2019 and before the Court for hearing on June 6, 2019.

### INTRODUCTION

      On July 20, 2018, Plaintiff filed the Complaint against Defendants alleging (1) violation of the Residential Rental Agreement Act, N.C.G.S. § 42-46, by requiring Plaintiff to pay Eviction Fees, (2) violation of the North Carolina Debt Collection Act, N.C.G.S. § 75-50, and (3) violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1. Plaintiff seeks a declaratory judgment pursuant to N.C.G.S. § 1-253, declaring Defendants' North Carolina leases to be void and unenforceable to the extent they provide for fees not authorized by N.C.G.S. § 42-46.

      Defendants moved to dismiss Plaintiff's claims, arguing that Defendants were permitted to collect Eviction Fees pursuant to N.C.G.S. § 42-46. Defendants contend that because § 42-46 authorized the collection of all fees charged by Defendants, Plaintiff's remaining claims must also fail.

      A court does not make findings of fact on a motion to dismiss under N.C. R. Civ. P. 12(b)(6). *Tinvamo v. Tinvamo*, 248 N.C. App. 441, 446, 790 S.E.2d 331, 336 (2016).

Case 1:20-cv-00854-CCE-JLW   Document 7   Filed 09/18/20   Page 32 of 36

Plaintiff's Complaint makes the following relevant allegations:

1. Plaintiff is a citizen and resident of Wake County, North Carolina, and at all relevant times leased an apartment from Defendants at Hawthorne at the Trace. (Compl. ¶8).

2. Defendants are incorporated under the laws of North Carolina and have regularly engaged in business in Wake County, North Carolina. (Compl. ¶¶11-13).

3. Defendants operate Hawthorne at the Trace apartments, among other North Carolina properties. (Compl. ¶14).

4. Defendants entered into lease agreements with North Carolina tenants which provided that Defendants were entitled to recover a Complaint Filing Fee, Court Appearance Fee, and Second Trial Fee in the event Defendants filed a summary ejectment action. In addition to these fees, the leases provided that Defendants are also entitled to late fees, court costs, and attorney's fees. (Compl. ¶¶22-24).

5. Plaintiff entered into a lease contract with Defendants for an apartment at Hawthorne at the Trace for the period from September 23, 2016 through September 22, 2017. (Compl. ¶48).

6. Plaintiff was late paying her rent several times and received Initial Collection Letters from Defendants, which stated: "Please pay your rent no later than 12:00 pm. . . to avoid additional attorney, court and filing fees (ranges from $201.00 to $231.00)." (Compl. ¶¶52-54).

7. Defendants placed Eviction Fees on Plaintiff's ledger prior to Defendants paying a filing fee for the complaint in summary judgment, prior to paying a service fee for the complaint in summary ejectment, and without having hired an attorney to collect upon a debt. (Compl. ¶¶57-60).

8. Each time Defendants filed Complaints in Summary Ejectment against Plaintiff, the Eviction Fees had already been placed on Plaintiff's ledger. (Compl. ¶62).


## CONCLUSIONS OF LAW

1. A motion to dismiss pursuant to N.C. R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint. In ruling on the motion the [factual] allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Estate of Vaughn v. Pike Elec.*, LLC, 230 N.C. App. 485, 493, 751 S.E.2d 227, 233 (2013) (quoting *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979)). It is not appropriate to grant a 12(b)(6) motion to dismiss "unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." *Strickland v. Hedrick*, 194 N.C. App. 1, 20, 669 S.E.2d 61, 73 (2008). To overcome a 12(b)(6) dismissal, it is sufficient that the nonmoving party "state enough to satisfy the substantive elements of at least some legally recognized claim." *Id.*

Violation of N.C.G.S. § 42-46

2. N.C.G.S. § 42-46 provides that, pursuant to a written lease, a landlord may charge a tenant with any of the following: a complaint filing fee, a court-appearance fee, or a second trial fee—

2

provided the requirements delineated in the statute are met. N.C.G.S. § 42-46 (e)-(g). Prior to the statute being amended on June 25, 2018, section (h)(3) limited the fees that a landlord was permitted to include in a lease:

> (3) It is contrary to public policy for a landlord to put in a lease or claim any fee for filing a complaint for summary ejectment and/or money owed other than the ones expressly authorized by subsections (e) through (g) of this section, and a reasonable attorney's fee as allowed by law.

N.C.G.S. § 42-46 (2017).

3. By alleging that Defendants charged Plaintiff Eviction fees that are separate from the fees authorized by § 42-46 (e) – (g), Plaintiff has adequately pleaded a violation of § 42-46.

4. Plaintiff's position is that the 2018 Amendment to the Residential Rental Agreements Act ("RRAA"), which added a section allowing landlords to collect out-of-pocket expenses in summary ejectment actions, substantively altered the law and therefore applies prospectively. The amended act became law on June 25, 2018. Defendants contend that the amendment served to clarify the previous law, and therefore has retroactive application, such that Defendants were authorized to collect out of pocket expenses at the time such expenses were charged to Plaintiff.

5. This Court finds that the 2018 to the RRAA substantively altered the law, and therefore applies prospectively.

6. When a statute is amended, "it is presumed that the legislature intended either (a) to change the substance of the original act, or (b) to clarify the meaning of it." *Ray v. N.C. DOT*, 366 N.C. 1, 9, 727 S.E.2d 675, 681 (2012). An amendment is clarifying if it *does not* alter the substance of the law, but rather "gives further insight into the way in which the legislature intended the law to apply from its original enactment." *Id.*

7. When the substance of the original act is altered, the statute does not apply retroactively. For example, in *Wiggins v. East Carolina Health-Chowan, Inc.*, 234 N.C. App. 759, 760 S.E.2d 323 (2014), the North Carolina Court of Appeals noted that an amendment to N.C.G.S. § 90-21.12(b), which raised the burden of proof for certain medical negligence actions, applied to causes of action arising on or after the effective date because the amendment altered rather than clarified the law. *Wiggins v. E. Carolina Health-Chowan, Inc.*, 234 N.C. App. 759, 763 n.2, 760 S.E.2d 323, 326 (2014).

8. Further, where there is no ambiguity in the original statute, a subsequent amendment indicates an intent to alter the law, whereas ambiguity in the original statute may be interpreted as an intent "to clarify that which was previously doubtful." *Taylor v. Crisp*, 286 N.C. 488, 497, 212 S.E.2d 381, 387 (1975).

9. Here, the original language of N.C.G.S. § 42-46 was not ambiguous. The prior version of the statute established that it was against public policy for a landlord to claim "any fee" for the filing of a summary ejectment complaint or money owed other than that expressly permitted by the statute. The Court does not find the meaning of "any fee" to be ambiguous. "When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not

3

required." *In re Hall*, 238 N.C. App. 322, 324, 768 S.E.2d 39, 42 (2014). Sections (e) – (g) set forth the fees that were permitted to be claimed by a landlord in relation to filing a summary ejectment action, and under the plain language of the statute, Defendants were limited to charging only those fees permitted by the statute.

10. This Court also finds that the amendment made several substantive changes to the prior law. These changes provided rights to landlords which were not present under the former amendment. Under the newly added section (i), landlords may collect filing fees charged by the court, whether or not there is a court award to the landlord; landlords may collect the costs of service for the complaint, whether or not there is a court award to the landlord; and landlords may collect attorney's fees incurred without the requirement that the attorney provided services ancillary to the collection of a note, as required by §6-21.2. By authorizing the recovery of attorney's fees in section (i)(3), the amendment creates an entirely new statutory basis for attorney's fees.

11. The legislative history also indicates that the 2018 amendments altered, rather than clarified, the law. The preamble to the June 12, 2018, version of the House Bill included the language, "Whereas, the General Assembly desires to reaffirm the ability of a landlord filing summary ejectment proceedings to charge and recover from a tenant actual out-of-pocket expenses incurred by the landlord." However, the subsequent versions of the bill omit this language · entirely. Further, the title of the amendment itself, "AN ACT TO ALLOW LANDLORDS TO RECOVER OUT-OF-POCKET EXPENSES IN SUMMARY EJECTMENT CASES," implies that prior to the amendment, the recovery of out of pocket expenses was not allowed in this context.

UDTPA and NCDCA Claims

12. "The elements for a claim for unfair and deceptive trade practices are (1) defendants committed an unfair or deceptive act or practice, (2) in or affecting commerce and (3) plaintiff was injured as a result." *Phelps-Dickson Builders, L.L.C. v. Amerimann Partners*, 172 N.C. App. 427, 439, 617 S.E.2d 664, 671 (2005). "Our Supreme Court has also determined that, as to these elements, 'some type of egregious or aggravating circumstances must be alleged and proved before the [Act's] provisions may [take effect].'" *Heron Bay Acquisition, LLC v. United Metal Finishing, Inc.*, 245 N.C. App. 378, 382, 781 S.E.2d 889, 892 (2016).

13. In order for a claim pursuant to the North Carolina Debt Collection Act ("NCDCA") to be successful, (1) the party alleging the claim must be a consumer, (2) the obligation must be a debt, and (3) the party against whom the claim is made must be a debt collector. *Davis Lake Cmty. Ass'n v. Feldmann*, 138 N.C. App. 292, 296, 530 S.E.2d 865, 868 (2000).

14. A debt collector that violates the provisions of the NCDCA is subject only to the penalties provided within the NCDCA. The NCDCA is the sole remedy for unfair or deceptive acts or practices involving debt collection. N.C.G.S. § 75-56(a); *Friday v. United Dominion Realty Tr.*, 155 N.C. App. 671, 678, 575 S.E.2d 532, 537 (2003). Because Plaintiff has no potential remedy under the Unfair and Deceptive Trade Practices Act ("UDTPA"), Plaintiff's cause of action under the UDTPA should be dismissed.

4

Declaratory Judgment

15. Pursuant to N.C.G.S. § 1-253, "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed."

16. The facts stated by Plaintiff are sufficient to support this cause of action because Plaintiff has claimed that the Eviction Fees were unlawfully charged by Defendants prior to the filing of a complaint in summary ejectment. While these fees may now be lawfully assessed by landlords pursuant to the amended N.C.G.S. § 42-46 (i), Plaintiff has sufficiently pleaded facts in support of an order declaring that any of Defendants' North Carolina leases entered into prior to the effective date of the 2018 Amendment and purporting to charge Eviction Fees in addition to the fees expressly provided in subsections (e) through (g) are void and unenforceable.

For the foregoing reasons, **IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:**

1. That Defendants' Motion to Dismiss is **GRANTED** with respect to Plaintiff's UDTPA claim; and therefore, Plaintiff's UDTPA claim is **DISMISSED**; and

2. That Defendants' Motion to Dismiss is **DENIED** with respect to Plaintiff's claims pursuant to N.C.G.S. § 42-46, § 1-253 and NCDCA.

This the _15th_ day of November, 2019.

_Rebecca W. Holt_

Rebecca Holt, Superior Court Judge Presiding

Case 1:20-cv-00854-CCE-JLW   Document 7   Filed 09/18/20   Page 36 of 36