IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SHARNICE MCCORD, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:20-CV-854 |
| PRG REAL ESTATE MANAGEMENT, INC. and NEW PARK RIDGE ASSOCIATES, LLP, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on an unopposed motion for preliminary approval of class action settlement. The plaintiff, Sharnice McCord, and the defendants, PRG Real Estate Management, Inc., and New Park Ridge Associates, LLP, have reached a Settlement Agreement ("the Settlement" or "Settlement Agreement") resolving this action. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Ms. McCord asks the Court to: (1) preliminarily certify the classes for the purpose of settlement; (2) preliminarily approve the class action settlement; (3) approve the proposed plan of notice and direct notice to the Settlement Classes; (4) appoint class counsel; and (5) schedule a final fairness hearing.

The Court has considered the motion, all other papers filed concerning the motion, and all other pertinent documents and pleadings filed in this action, as well as counsel's answers to the Court's questions during a hearing on May 27, 2021. Based on the evidence here and its experience managing class actions, and in its discretion, the Court

hereby **GRANTS** the motion, Doc. 33, and **FINDS**, for the purposes of this order only and subject to reconsideration after notice to the Classes, **AND ORDERS:**

## Class Certification for Settlement Purposes Only

1. The proposed Settlement Agreement submitted with the motion, Doc. 35-3, is preliminarily approved, pending the notice and formal approval process set forth herein.

2. Based on the submissions, and for purposes of this settlement only, the Court conditionally makes the following findings:

   a. The members of the Classes defined in the Settlement Agreement are so numerous as to make joinder impracticable;

   b. There are questions of law and fact common to the Classes, and such questions predominate over any questions affecting only individual Class Members;

   c. Plaintiff's claims are typical of the claims of the Class Members;

   d. Plaintiff and her counsel can fairly and adequately protect, and have to date fairly and adequately protected, the interests of the Class Members in this action; and

   e. A class action is superior to other available methods for fairly and efficiently resolving the controversy placed at issue in this action.

3. Accordingly, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court provisionally certifies the Classes defined as:

> **Collection Letter Class**: All natural persons who (a) at any point between August 14, 2016, and June 25, 2018, (b) resided in any of properties in North Carolina owned, operated, or managed by one or more of the Defendants, and (c) were sent a Collection Letter either threatening to assess Eviction Fees or

2

claiming that such Eviction Fees were or would be owed.

**Eviction Fee Class**: All natural persons who (a) at any point between August 14, 2016, and June 25, 2018, (b) resided in any of the properties in North Carolina owned, operated or managed by one or more of the Defendants, (c) were charged, and (d) paid Eviction Fees.

Excluded from the Settlement Classes are (a) any of Defendants' respective officers, directors, and employees; (b) any person who, before Final Approval, filed any bankruptcy proceeding; (c) anyone who has previously executed a written release of all claims against the Defendants related to the collecting of, or threatening to collect, Eviction Fees and would otherwise be a member of the Settlement Classes; (d) any individuals who properly opt-out of the Settlement Classes pursuant to the procedures described herein; (e) the district judge presiding over this case and the judges of the United States Court of Appeals for the Fourth Circuit, as well as the Court's immediate family and Court staff; (f) any person within the third degree of relationship of those individuals in categories (d) or (e); and (g) the spouses of those individuals within category (d), (e), and (f).

## Class Counsel and Class Representative

4. Scott C. Harris and Patrick M. Wallace of Milberg Coleman Bryson Phillips Grossman PLLC and Edward H. Maginnis and Karl S. Gwaltney of Maginnis Howard are appointed as Class Counsel. Appointment of these firms as Class Counsel is appropriate because the firms have significant experience in handling class actions, including complex business and consumer-protection actions, have demonstrated their knowledge of the applicable law here by successfully negotiating the Settlement, and

3

have devoted ample resources to litigating this action and to negotiating the Settlement. *See generally* Docs. 35, 35-1, 35-2. The Court finds that Milberg Coleman Bryson Phillips Grossman and Maginnis Law are experienced and competent.

5. Plaintiff Sharnice McCord is appointed as representative of the Classes. The appointment of Ms. McCord as Class Representative is appropriate because she is a member of the Settlement Classes, and she has claims that are typical of the Settlement Classes. Ms. McCord has adequately represented the Classes in the past and there is nothing to indicate that she will be unable to represent those interests in the future. The Court has carefully evaluated whether Ms. McCord adequately represents both Classes, given the potential existence of counterclaims and the proposed division of more Settlement Funds to the Eviction Fee Class than the Collection Letter Class. *See* Doc. 37 at 1 (asking the parties to address potential conflicts of interest). The Court finds that there are no fundamental conflicts, and that Ms. McCord adequately represents the Classes; she and the unnamed Class Members have the same interest in proving the Defendants' liability and there is nothing to indicate that any unnamed Class Members would assert a different legal or factual position. The potential existence of counterclaims did not impact settlement negotiations. *See* Doc. 38 at 2. There appears to be a reasonable and rational basis to distribute more Settlement Funds to the Eviction Fee Class as proposed in the Settlement Agreement because the Eviction Fee Class Members suffered actual and measurable financial harm and there are practical and legal challenges unique to the Collection Letter Class. *See id.* at 4.

4

## Preliminary Approval

6. The Settlement Agreement is preliminarily approved. It describes a settlement that is within the range of settlements that the Court would find to be fair, reasonable, and adequate. The Settlement was reached after adversarial litigation, including informal discovery and a full-day mediation. Doc. 35 at ¶¶ 17–34. Counsel for both sides had sufficient information to evaluate the costs and benefits of settlement at this juncture. The parties' negotiations were adversarial, arm's-length, and occurred through many discussions concerning similar settlements and evolving case law. *See id.* The negotiations were facilitated through a neutral third-party mediator, Robert A. Beason. *Id.* at ¶¶ 31–32. Finally, counsel for Ms. McCord have extensive experience in class action litigation, including litigation over similar eviction and collection letters, and their informed opinion is entitled to some weight.

7. The Court finds that the Settlement Agreement resulted from arm's-length negotiations, extensive investigation, and motions practice, and that the proposed settlement is sufficiently fair and reasonable so as to warrant notice thereof to the Classes, and to warrant a hearing concerning the settlement and the terms set forth in the Settlement Agreement.

8. The Court's preliminary approval is subject to the right of any Class Member to challenge the Settlement and to show cause, if any exists, why a Final Order and Judgment dismissing this action based on the Settlement should not be entered, after due and adequate notice has been provided to the Class and a fairness hearing has been held as otherwise ordered herein.

## Fairness Hearing

9. A hearing (the "Fairness Hearing") shall be held before this Court on September 7, 2021, at 3:30 p.m. The Court expects to hold the hearing in person, but if the COVID-19 pandemic continues to cause public health issues and undue risk to participants, the hearing may be held via video conference. The hearing may be rescheduled if needed or appropriate. If there are changes, the Claims Administrator shall update the information about the date, time, and location of the Fairness Hearing on the Settlement Website.

10. At the hearing, the Court will determine whether (a) the Classes provisionally certified herein in fact satisfy each of the prerequisites for class certification set forth in Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3); (b) the settlement proposal described in the Settlement Agreement is fair, reasonable, and adequate; (c) orders granting final approval of the Settlement, entering final judgment, and dismissing Plaintiff's Complaint, as provided in the Settlement, should be entered; and (d) the applications of Class Counsel for the payment of attorneys' fees and expenses and Plaintiff's incentive award should be approved.

11. At the Fairness Hearing, the Court will consider any objections presented by Settlement Class Members and the parties' responses to any such objections.

## Pre-Hearing Notice

12. The Court finds that the manner and content of the Settlement Notice as set forth in the Settlement Agreement and the Exhibits to the Settlement Agreement will provide the best notice practicable to the Classes under the circumstances, with the

following changes and additions to which the parties do not object.  Counsel shall add to the Settlement Notice that requests for exclusion must include the Class Member's original signature, *see* Doc. 35-5 at ¶ 12 (listing requirements), and shall clarify that the Final Fairness Hearing will be held at the federal courthouse in Greensboro, North Carolina.  *See id.* at pp. 9–10 ¶¶ 15, 19.  Counsel shall also clarify that the proposed *cy pres* recipient is the Legal Aid of North Carolina.  *See* Doc. 38 at 8.

13. The Notice Period begins within fourteen (14) calendar days after the entry of the Preliminary Approval Order and should be substantially complete no later than forty-five (45) days after the entry of the Preliminary Approval Order via electronic mail, first-class mail, an Internet website, and a toll-free number as set forth in the Settlement Agreement.

14. The Defendants shall provide the notification required under 28 U.S.C. § 1715 to each Appropriate Federal Official and to each Appropriate State Official.

### Requests for Exclusion from Class

15. Any Class Member who wishes to be excluded from the proposed settlement must send a written request for exclusion to the Claims Administrator, in care of the post office box rented for that purpose, no later than August 3, 2021.  Potential Settlement Class Members cannot opt-out of the class by telephone, email, or non-written communication.  Opt-outs shall not be mailed to the Clerk of Court.

16. Requests for exclusion must contain the following:

    a. the Class Member's name, address and telephone number;

7

    b.  a statement by the Class Member that he/she wants to be excluded from the Class;

    c.  the name and docket number of this action; and

    d.  the Class Member's original signature.

  17. Any Class Member who does not send a timely written request for exclusion meeting the conditions described in the foregoing paragraph shall be bound by the final settlement and by all subsequent proceedings, orders, and judgments in this action, even if such person has pending or subsequently initiates litigation or other proceedings against any Released Parties relating to matters or the claims released in this action.

  18. As set forth in the Parties' Settlement Agreement, if more than 3% of the potential Settlement Class Members opt-out of the class pursuant to the opt-out requirements, Defendants shall have the unilateral right to withdraw from this Settlement.

## **Objections to Settlement**

  19. Any Class Member who does not submit a timely written request for exclusion may object to the fairness, reasonableness, or adequacy of the settlement.

  20. Class Members may not seek to exclude themselves from the Class and file an objection to the proposed settlement.

  21. Any member of a Class who wishes to object to any aspect of the settlement must deliver to Class Counsel and Defendants' Counsel and shall file a written statement of his/her objection(s) with the Court, no later than August 3, 2021.

22.     Written objections must be signed by the objector and include: (i) the objector's name, address, and telephone number; (ii) the name of this action and the case number; (iii) a statement of each objection; (iv) proof of class membership; (v) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection; (vi) the objector's signature; and (vii) three dates and times the objector is available for deposition per ¶ 26.

23.     Class Members may raise an objection either on their own or through an attorney hired at their own expense.

24.     If the objection is made through an attorney, the written objection must also include: (1) the identity and number of the Settlement Class members represented by objector's counsel; (2) the number of such represented Settlement Class members who have opted out of the Settlement Class; and (3) the number of such represented Settlement Class members who have remained in the Settlement Class and have not objected.

25.     If the attorney intends to seek fees and expenses from anyone other than the objectors he or she represents, the attorney shall also file with the Court and serve on Class Counsel and Defense Counsel not later than fifteen (15) days before the Final Fairness Hearing a document containing the following: (1) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (2) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (3) the number of

9

hours already spent by the attorney and an estimate of the hours to be spent in the future; and (4) the attorney's hourly rate.

26. Objectors must make themselves available for deposition by Class Counsel and Defense Counsel between the time the objection is filed and September 1, 2021, and the objection must include the dates when the objector is available for deposition.

27. Any Class Member who fails to comply with the provisions of the subsections concerning objections shall waive and forfeit any and all rights he or she may have to appear separately and/or object and shall be bound by all the terms of the settlement and by all proceedings, orders and judgments in this action.

## **Obtaining Relief**

28. The Settlement provides monetary relief for both Classes.

29. Class Members do not need to submit a Claim Form to obtain monetary relief, regardless of whether they are in the Eviction Fee Class or Collection Letter Class, or both.

30. The Settlement also provides non-monetary relief for the Eviction Fee Class. Specifically, any member of the Eviction Fee Class is eligible to request a Consent Motion to Set Aside Judgment for Possession Pursuant to Rule 60(b)(5) and Stipulation of Dismissal to remove a judgment for possession obtained by the Defendants during the Class Period.

31. Any Eviction Fee Class Member who wishes to obtain this non-monetary relief <u>must</u> submit a Claim Form to the Claims Administrator, no later than August 24, 2021.

32. Eviction Fee Class Members who do not submit a valid Claim Form by the deadline will not be eligible for the non-monetary relief.

33. As noted above, Eviction Fee Class Members do not need to submit a Claim Form to obtain monetary benefits. Members that submit the Claim Form will also receive the monetary relief.

### Retention of Settlement Administrator

34. The Court finds that CPT Group is experienced in claims administration of class actions similar to this one. *See* Doc. 38-1. CPT Group has extensive experience providing court-approved notice and administration services in complex class action settlements and has served as the Settlement Administrator in several other settlements involving eviction fees. *See id.*; Doc. 38 at 7.

35. The Court authorizes CPT Group to administer certain aspects of the settlement, including providing notice to the Class; establishing and maintaining the Settlement Website; receiving and maintaining correspondence regarding requests for exclusion and objections to the settlement; responding to inquiries from Class members received through the Settlement Website, by first-class mail, or by telephone; and assisting Defendants' Counsel and Class Counsel with other aspects of the settlement as necessary and directed by Counsel.

36. CPT Group will also serve as the Claims Administrator.

37. The Claims Administrator shall perform the following duties: (a) prepare a detailed Notice Plan; (b) disseminate the Notice of Class Settlement; (c) process Claim Forms and opt-out forms; (d) receive and serve on Class Counsel, Defendants' Counsel,

11

and the Court any written objections and opt-out requests; (e) determine the amounts of the awards due to eligible Settlement Class members in accord with the terms and procedures set forth herein; (f) report, in summary or narrative form, to Class Counsel and Defendants' counsel about the completion of the tasks identified in this paragraph; (g) issue other reports and provide any and all files, documents, and data related to the Settlement Agreement, upon request, to Defendants' Counsel or Class Counsel; (h) carry out other related tasks in accordance with the terms of the Settlement Agreement; and (i) agree to employ their best efforts to faithfully and fully perform any and all obligations and duties imposed on the Claims Administrator pursuant to the Settlement Agreement and its exhibits and amendments (if any).

## Effect of Final Approval

38. If the settlement proposed by the Parties is finally approved, the Court shall enter a separate order approving the settlement, entering judgment, and dismissing, with prejudice, the Class Action Complaint.

39. Such order and judgment shall be fully binding with respect to all Class Members and shall release each and every Defendant and the Released Persons from the Released Claims as set forth in the Parties' Settlement Agreement. *See* Doc. 35-3 at II(V) (defining "Released Persons").

## Schedule

40. The following deadlines shall apply unless modified by further order of the Court:

a. Notices in the form of the Exhibits to the Settlement Agreement, Docs. 35-5, 35-7, shall be sent to Class Members via first class mail and electronic mail, as provided in the Settlement, on or before June 18, 2021.

b. The Notices shall be made available through the Settlement Website no later than the date the Notice is sent by e-mail.

c. The Notice Period shall run until July 19, 2021.

d. Any Notices of Intent to Appear at the Fairness Hearing shall be filed on or before August 3, 2021.

e. Any exclusions to the Settlement shall be submitted on or before August 3, 2021. Any objections to the Settlement shall be filed on or before August 3, 2021.

f. The Fairness Hearing shall be held before the Court on September 7, 2021, at 3:30 p.m. in Courtroom No. 3, United States District Court, 324 W. Market Street, Greensboro, NC 27401.

g. The Claims Administrator shall file a Declaration of Compliance with Notice Requirements by August 16, 2021.

h. The parties shall file and serve papers in support of final approval of the settlement, including any responses to proper and timely objections filed thereto, by August 23, 2021.

i. Class Counsel shall file with this Court their petition for an award of attorneys' fees and reimbursement of expenses and request for incentive awards to the Plaintiff no later than August 23, 2021.

j. Any Non-Monetary Claim Forms for the Eviction Fee Class shall be filled out and submitted online or mailed to the Claims Administrator or before August 24, 2021.

**SO ORDERED**.

This the 7th day of June 2021.

_____
UNITED STATES DISTRICT JUDGE