IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHARNICE MCCORD, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRG REAL ESTATE MANAGEMENT, INC. and NEW PARK RIDGE ASSOCIATES, LLC,<br><br>Defendants. | 1:20-CV-854 |

## FINAL ORDER AND JUDGMENT

This matter comes before the Court on Plaintiff Sharnice McCord's unopposed motion for final approval of class action settlement and Class Counsel's fee application and request for approval of a service award. The Court has considered the entire record and finds that the motions should be granted.

Based on the record, the Court finds and concludes as follows:

### I. Background

On August 14, 2020, Sharnice McCord, on behalf of herself and proposed classes, initiated this action in the North Carolina Superior Court for Durham County against the defendants PRG Real Estate Management and New Park Ridge Associates. Doc. 1-1 at 2. Ms. McCord alleged that the defendants unlawfully charged and threatened to charge eviction-related fees. She sought monetary and declaratory relief for violations of the

North Carolina Residential Rental Agreements Act and the North Carolina Debt Collection Act. Doc. 7 at pp. 9–10.

Ms. McCord alleged that when she was late with her rent, she received collection letters claiming an eviction complaint would be filed and eviction fees would be immediately owed if all amounts remained unpaid after or around the tenth of the month. The defendants' charges of Eviction Fees during the relevant time period ranged from $191 to $201. Doc. 16 at ¶¶ 33, 36.

### A. Procedural History

On September 18, 2020, the defendants filed their notice of removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 in the United States District Court for the Middle District of North Carolina. Doc. 1. The defendants filed their answer on October 9, 2020, asserting a counterclaim against Ms. McCord on behalf of New Park Ridge. Doc. 16 at p. 17. On November 13, 2020, Ms. McCord filed a motion to dismiss New Park Ridge's counterclaim with a memorandum in support. Docs. 20–21. The defendants filed an amended answer and counterclaim on behalf of New Park Ridge on December 4, 2020. Doc. 22. On December 28, 2020, Ms. McCord filed another motion to dismiss New Park Ridge's counterclaim and a memorandum in support. Docs. 24–25. New Park Ridge filed its opposition to Ms. McCord's motion to dismiss its counterclaim on January 26, 2021. Doc. 27. On February 23, 2021, Ms. McCord filed a reply in support of her motion to dismiss. Doc. 31.

While the Parties briefed the motion to dismiss, they engaged in settlement discussions regarding the putative class sizes. Doc. 35 at ¶¶ 10–11, 28. They scheduled

a mediation with Robert A. Beason, which was held on March 3, 2021. *Id.* at ¶¶ 11, 31–33. During and before mediation, the parties engaged in extensive arm's length negotiations, resulting in a settlement agreement. *See, e.g.*, *id.* ¶ 30–34. The parties provided notice of the settlement to this Court on March 4, 2021, including that all material terms were agreed upon and the parties would provide formal settlement documents to the Court by April 28, 2021. Doc. 32.

Ms. McCord timely filed her "Unopposed Motion for Preliminary Approval of Class Action Settlement, Certifying Classes for Purposes of Settlement, Directing Notice to the Classes, and Scheduling Fairness Hearing" on April 26, 2021. Doc. 33. The Court held a hearing on the motion on May 27, 2021. In an order dated June 7, 2021, the Court preliminarily approved the settlement agreement, the proposed notice plan, and the settlement classes. Doc. 40.

Based upon this approved plan, the Settlement Administrator provided notice to members of the classes. Doc. 44-1. The deadline to opt out or object to the settlement was August 3, 2021. Doc. 40 at ¶ 15, 21. As of August 17, 2021, no settlement class members have opted out of the settlement and no settlement class member has objected to the settlement, the proposed award of fees and expenses to class counsel, or the proposed service award to the class representative. Doc. 44-1 at ¶ 16.

## II. Settlement Terms

The settlement agreement establishes a settlement fund of $525,000.00. Doc. 35-3 at p. 12 ¶ B. Each settlement class member is a member of one or two classes defined as:

3

> **Collection Letter Class**: All natural persons who (a) at any point between August 14, 2016, and June 25, 2018, (b) resided in any of properties in North Carolina owned, operated, or managed by one or more of the Defendants, and (c) were sent a Collection Letter either threatening to assess Eviction Fees or claiming that such Eviction Fees were or would be owed.
>
> **Eviction Fee Class**: All natural persons who (a) at any point between August 14, 2016, and June 25, 2018, (b) resided in any of the properties in North Carolina owned, operated or managed by one or more of the Defendants, (c) were charged, and (d) paid Eviction Fees.

*Id.* at pp. 11–12 ¶ A. Under the settlement agreement, Collection Letter Class members may receive up to approximately $45. *Id.* at p. 13 ¶ *a*. Eviction Fee Class members are eligible to be reimbursed up to approximately $700, *id.* at pp. 13–14 ¶ *b,* substantially more than the amounts they were charged by the defendants. Neither Collection Letter Class members nor Eviction Fee Class members need file a claim to receive payment. *Id.* at p. 26 ¶ *a*. As class counsel clarified at the final fairness hearing, Eviction Fee Class members may also be Collection Letter Class members and receive both benefits. Minute Entry 9/07/2021.

Per the settlement terms, all costs of notice and claim administration are paid by the defendants out of the settlement fund. *Id.* at pp. 16–17 ¶ B. Court-approved fees and expenses for class counsel, and a service award for the class representative, will be deducted from the settlement fund. *Id.* at pp. 14–15 ¶¶ C–D.

### B. Approval of Class Notice

The settlement classes have been notified of the settlement per the Court-approved plan. Doc. 44-1; *see* Doc. 40. Notice by email achieved a very high delivery rate, as did notice by U.S. mail. Doc. 44-1 at ¶ 9–15. The notice program provided the best

practicable notice to the settlement classes under the circumstances and fully satisfies the requirements of due process, Fed. R. Civ. P. 23, and 28 U.S.C. § 1715.

### C. Approval of the Settlement

The parties' settlement is fair, reasonable, and adequate in accordance with Fed. R. Civ. P. 23; was reached at arm's length without collusion or fraud; and satisfies all requirements for final approval. There are significant risks to the class if the litigation continues, and the settlement results in a real and immediate monetary benefit to class members that is not nominal. *See* Doc. 45-1 at pp. 11–13 ¶¶ 58–60, 66–67.

In arriving at this conclusion, the Court has considered the complexity, expense, and likely duration of the litigation if the settlement is not approved; the odds of the plaintiffs' success at trial balanced by the risks of continued litigation; the range of possible recovery if the case is tried; the opinions of class counsel and the class representative; and the degree of opposition to the settlement. No settlement class member objected to or opted out of the settlement. Doc. 44-1 at ¶ 16.

The settlement calls for division of the settlement proceeds between the two settlement classes. The Court has evaluated whether this is fair and concludes that it is. The two classes experienced different degrees of actual damages and the allocation is in line with those differences. And the Collection Letter Class had some additional hurdles to overcome to prevail.

In short, the settlement is finally approved, and the parties are directed to execute the settlement in accordance with its terms.

5

### D. Certification of the Settlement Classes

In its discretion, the Court hereby certifies both the Collection Letter Class and the Eviction Fee Class as follows:

> **Collection Letter Class**: All natural persons who (a) at any point between August 14, 2016, and June 25, 2018, (b) resided in any of properties in North Carolina owned, operated, or managed by one or more of the Defendants, and (c) were sent a Collection Letter either threatening to assess Eviction Fees or claiming that such Eviction Fees were or would be owed.
>
> **Eviction Fee Class**: All natural persons who (a) at any point between August 14, 2016, and June 25, 2018, (b) resided in any of the properties in North Carolina owned, operated or managed by one or more of the Defendants, (c) were charged, and (d) paid Eviction Fees.

Excluded from the settlement classes are (1) persons who are employees, directors, officers, and agents of the defendants; (2) persons who timely and properly exclude themselves from the settlement classes as provided in the settlement agreement; (3) anyone who has previously executed a written release of all claims against the defendants related to the collection of or threats to collect eviction fees and would otherwise be a member of the settlement classes; and (4) the Court, the Court's immediate family, and Court staff. Doc. 35-3 at pp. 11–12 ¶ A

Ms. McCord is an adequate representative of the settlement classes. She has made herself available to class counsel and participated in numerous conversations with them, reviewed the pleadings, and evaluated the settlement. Doc. 47-2 at ¶ 6. The Court has evaluated whether she has any conflict, given the fact that there are two settlement classes and in light of the counterclaim, and concludes that she does not. She is a member of both classes and able to adequately represent the interests of both. There is

6

Case 1:20-cv-00854-CCE-JLW    Document 48    Filed 09/13/21    Page 6 of 12

nothing to indicate that the counterclaim, which was subject to a motion to dismiss, affected her ability to adequately represent the class or that it undermined her dedication to the interests of the class.

The prerequisites of Rule 23(a) and (b)(3) have been satisfied for certification of the settlement classes. The settlement classes, which contain hundreds of members, are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the settlement classes; the claims of the class representative are typical of the claims of absent settlement class members; the class representative and class counsel have and will adequately and fairly protect the interests of the settlement classes the settlement classes' claims; and common questions of law and fact predominate over questions affecting only individual settlement class members, rendering the settlement classes sufficiently cohesive to warrant a class settlement.

The Court appoints Scott C. Harris and Patrick M. Wallace of Milberg Coleman Bryson Phillips Grossman, PLLC, and Edward H. Maginnis and Karl S. Gwaltney of Maginnis Howard, as class counsel. They are qualified and experienced, *see, e.g.*, Docs. 35-1, 35-2, and have provided good service to the class. Doc. 45-1 ¶¶ at 89–119.

The Court appoints Sharnice McCord as class representative.

### III. Fees, Expenses, and Awards

#### A. Application for Attorneys' Fees and Expenses

Class counsel request a fee of $175,000.00, one-third of the total financial benefit to the settlement classes. In evaluating the requested fee, the Court has considered the factors listed in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978),

7

including (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. All these factors either support the fee requested here or are neutral.

Courts in this circuit routinely approve attorneys' fees using a percentage of the common fund. *See, e.g.*, *Phillips v. Triad Guar. Inc.*, No. 1:09CV71, 2016 WL 2636289, at *2 (M.D.N.C. May 9, 2016) (noting that "the percentage of the fund method, supplemented with the lodestar cross-check, is the appropriate means by which to determine an award of attorneys' fees in this case."); *Smith v. Krispy Kreme Doughnut Corp.*, No. 1:05CV00187, 2007 WL 119157, at *1 (M.D.N.C. Jan. 10, 2007) (finding that "in a common fund case such as this, a reasonable fee is normally a percentage of the Class recovery."); *see also*, Doc. 45-1 at ¶¶ 91–94. It is appropriate here given the small amount of money at issue for any one class member and the high degree of risk counsel incurred to represent the class.

The requested fee is also supported by a lodestar analysis. While it may not strictly be necessary, it is helpful to "conduct a lodestar cross-check that compares the

requested contingent fee award against a fee calculated based on hours spent at prevailing market rates." *Sims v. BB&T Corp.*, Nos. 1:15-CV-732, 1:15-CV-841, 2019 WL 1993519, at *2 (M.D.N.C. May 6, 2019) (citing *Boyd v. Coventry Health Care, Inc.*, 299 F.R.D. 451, 462 (D. Md. 2014)). When using the lodestar method as a "cross-check," the Court need not apply the "exhaustive scrutiny" typically mandated. *Jones v. Dominion Res. Servs., Inc.*, 601 F. Supp. 2d 756, 765–766 (S.D.W. Va. 2009). The hourly rates mentioned by class counsel, Doc. 45-1 at ¶ 105–106, are in line with rates in other cases using the lodestar method and with the Court's experience generally in approving fees, and the time spent appears reasonable for the tasks undertaken.

The lodestar here is 1.16, *id.* at ¶ 118, a figure in line with amounts approved by other courts. *See Linnins v. HAECO Ams., Inc.*, 1:16-CV-486, 2018 WL 5312193, *3 (M.D.N.C. Oct. 26, 2018) (approving attorney's fee award with 1.16 lodestar at $650 and $700 per hour). In fact, "[c]ourts have found that lodestar multipliers ranging from 2 to 4.5 demonstrate the reasonableness of a requested percentage fee," depending upon the complexity of the matter. *Phillips v. Triad Guar. Inc.*, No. 1:09-CV-71, 2016 WL 2636289, at *8 (M.D.N.C. May 9, 2016) (citing *Jones v. Dominion Res. Servs., Inc.*, 601 F. Supp. 2d 756, 766 (S.D.W. Va. 2009)). Class counsel's requested fee here with a lodestar of 1.16 is therefore comfortably within the reasonable zone.

There is nothing to indicate that the defendants' agreement not to contest the requested attorneys' fee was the product of collusion or fraud. While the fee award will reduce the money to be paid to the class members, the amount the class members will recover is still significant and not nominal. Doc. 34 at p. 6; Doc. 35-3 at pp. 13–14 ¶¶ *a*–

9

*b.* Counsel are entitled to be paid for their work, which, as discussed herein, provides a significant benefit to class members.

Class counsel have incurred $3,107.42 in expenses in the prosecution of this litigation on behalf of the classes. Docs. 43-1 at ¶ 119, 45-1 at ¶ 119. This money was spent on normal litigation expenses such as consultant fees and mediation costs. Doc. 45-1 at ¶ 120. They were reasonably and necessarily incurred and were for the benefit of the class. Class counsel are entitled to reimbursement for their expenses of $3,107.42 in addition to the $175,000.00 fee award.

### B. Service Award

The settlement agreement provides that, subject to Court approval, Sharnice McCord will receive $2,500 for her service as class representative to be paid from the settlement fund. No settlement class member has objected to the service award. Payment of the service award is appropriate in this case in light of her work on behalf of the settlement classes and the risks she undertook serving as a class representative. *See generally* Doc. 47-2. If the litigation had continued, Ms. McCord was prepared to respond to discovery requests and had already prepared to be deposed. *Id.* The service award is approved and shall be paid consistent with the parties' settlement agreement.

### C. *Cy Pres*

If settlement class members fail to cash their checks within six months of distribution and left-over funds remain as a positive balance in the settlement fund, the settlement agreement provides that all remaining amounts in the settlement fund shall be disbursed to the approved *cy pres* recipient: Legal Aid of North Carolina. Legal Aid is

10

an appropriate recipient, as it serves a similar population to the class members here and it routinely represents tenants in a range of landlord-tenant matters. *See* Doc. 47-1 at ¶ 6–8.

The claims administrator is ordered to provide a report to class counsel of all money in the settlement fund left undisbursed within 15 calendar days after the six-month period has passed.

It is hereby **ORDERED and ADJUDGED** that:

1. The motion for final approval of class settlement, Doc. 43, is **GRANTED**.

2. The motion for attorney fees, expenses, and service award, Doc. 45, is **GRANTED** as follows.

   a. Class counsel's request for attorneys' fees in the amount of $175,000.00 to be paid from the settlement fund is **GRANTED**.

   b. Class counsel's request for reimbursement of $3,107.42 in expenses is **GRANTED**.

   c. Sharnice McCord's request for a service award of $2,500.00 is **GRANTED**.

3. The effective date of the settlement agreement is the date of the signing of this order, and the class releasors shall release and forever discharge the released persons from the released claims, as set forth in the parties' settlement agreement.

4. The class representative, on behalf of herself and all members of the settlement classes, shall be deemed conclusively to have compromised, settled, discharged, dismissed, and released any and all rights, claims, or causes of action that she

11

or members of the settlement classes have or may have against released persons as provided for in the settlement agreement.

5. The Court hereby enters final judgment and all claims alleged by Plaintiff are **DISMISSED** with prejudice.

6. Pursuant to the terms of the settlement agreement, this action is **DISMISSED** with prejudice as against the class representative, all members of the settlement classes and the defendants and released persons.

7. Without affecting the finality of this judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the settlement agreement and of this Final Order and Judgment, to protect and effectuate this Final Order and Judgment, and for any other necessary purpose.

8. The parties shall bear their own costs except as provided by the settlement agreement and as ordered herein.

**IT IS SO ORDERED and ADJUDGED**, this the 13th day of September, 2021.

_____
UNITED STATES DISTRICT JUDGE

12

Case 1:20-cv-00854-CCE-JLW   Document 48   Filed 09/13/21   Page 12 of 12